**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Tyler Jones,**

*Plaintiff, Pro Se,*   **Case No. 3:26-cv-066**

**v.**

   **District Judge Thomas M. Rose**

**TJK-ELS, Inc.,** *et al.*,   **Magistrate Judge Caroline H. Gentry**

*Defendants.*

---

**ENTRY AND ORDER DENYING MOTION FOR AN EMERGENCY RESTRAINING ORDER (DOC. 2)**

---

Pending before the Court is a Motion (Doc. 2) "to stay the retaliatory eviction in Fairborn Municipal Court (Case No. CVG 2600344), currently before the Magistrate for a hearing on March 10, 2026, at 1:30 PM."

To the extent that the eviction proceedings are ongoing in state court, this Court is barred from interfering with pending state court proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is a party in an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal suit involving claims that could have been raised in the state case. *Fipps v.* Cove,

1

2022 WL 47984 (N.D. Ohio Feb. 16, 2022) (citing *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir. 1988)).

Based on these principles, abstention is appropriate where: (1) the state proceedings are ongoing, (2) the state proceedings implicate important state interests, and (3) the state proceedings afford the plaintiff with an adequate opportunity to raise federal questions. *Leveye v. Metro. Pub. Def. Office*, 73 F. App'x 792, 794 (6th Cir. 2003) (citing *Younger*, 401 U.S. at 43–45). Regarding the final factor, a plaintiff bears the burden of demonstrating that state procedural law bars presentation of his federal claims. *Pennzoil Co.*, 481 U.S. at 14.

When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state." *Younger*, 401 U.S. at 44.

Courts routinely hold that where a plaintiff is challenging an ongoing eviction proceeding, all three factors supporting abstention are present. *Leonard v. Montgomery*, 2023 WL 1070246 (S.D. Ohio Jan. 27, 2023) (collecting cases); *see also Doscher v. Menifee Cir. Ct.*, 75 F. App'x 996, 997 (6th Cir. 2003) (affirming dismissal based on principles of *Younger* abstention where the plaintiff challenged a state-court foreclosure action); *Dudley v. Michalak*, 2008 WL 750554, at *1 (N.D. Ohio Mar. 19, 2008) (applying the *Younger* doctrine and abstaining from an eviction action). "The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest." *Goodall v. Casper*, 2023 WL 3553130, at *4 (W.D. Ky. May 18, 2023) (quoting *Askew v. Ambrose*, 2017 WL

2

240086, at *3 (W.D. Ky. Jan. 19, 2017)) (citing *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996-97 (6th Cir. 2003)). Further, there is no suggestion in the pleadings that any purported federal claim concerning the eviction cannot be presented in the state action. *Szarell v. Summit Cty. Ct. of Common Pleas*, 2019 WL 3946191, at *3 (N.D. Ohio Aug. 21, 2019) (the third factor of the *Younger* abstention was satisfied where the plaintiff failed to allege in the pleadings that the state court proceedings did not or could not provide her with an opportunity to present her federal claim). To the extent that the eviction proceedings are ongoing in state court, a ruling from this court on the present complaint would unduly interfere with any ongoing state court proceedings. *Hackel v. N. Hill Farms I*, No. 25-10779, 2025 WL 935568, at *1–2 (E.D. Mich. Mar. 27, 2025)

Accordingly, this court must abstain from hearing Plaintiff's eviction-related complaints, and Plaintiff must pursue the matter in state court. Plaintiff's Motion (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** this Tuesday, March 10, 2026.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

3