**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

Tyler Jones,

*Plaintiff, Pro Se,*      Case No. 3:26-cv-066

v.

                                         **District Judge Thomas M. Rose**

TJK-ELS, Inc., *et al.*,      **Magistrate Judge Caroline H. Gentry**

                 *Defendants.*

---

**ENTRY AND ORDER DENYING PLAINTIFF'S NOTICE OF IMPENDING IRREPARABLE HARM (DOC. 8), PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF THE ORDER DENYING TEMPORARY RESTRAINING ORDER (DOC. 9), AND AMENDED PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION OF THE ORDER DENYING TEMPORARY RESTRAINING ORDER (DOC. 10)**

---

Pending before the Court are Plaintiff's Notice of Impending Irreparable Harm (Doc. 8), Plaintiff's Emergency Motion for Reconsideration of the Order Denying Temporary Restraining Order (Doc. 9), and Amended Plaintiff's Emergency Motion for Reconsideration of the Order Denying Temporary Restraining Order. (Doc. 10.) Therein Plaintiff asserts that manifest injustice warrants reconsideration of the Court's Order Denying Motion for an Emergency Restraining Order. (Doc. 7.) Plaintiff also points out that now that his eviction hearing is over,

1

> The *Younger* Doctrine No Longer Applies. -The Court's denial relied on the *Younger* abstention doctrine regarding "ongoing" state proceedings. However, the state proceeding has now reached a final judgment of restitution. The threat is no longer hypothetical or "ongoing"; it is an active, immediate execution of homelessness.

(Doc. 10, PageID 386.)

Plaintiff is correct, but the principle that federal courts do not interfere with state court proceedings remains. After the proceeding is complete, it is the *Rooker-Feldman* doctrine that bars his TRO application:

> "An action which seeks to prevent the execution of an order of eviction is exactly the type for which dismissal pursuant to the *Rooker-Feldman* doctrine is appropriate." *Leaphart v. Detroit Hous. Comm'n*, No. 12-13960, 2012 WL 12892146, at *2 (E.D. Mich. Oct. 18, 2012) (quotation marks and citation omitted). In sum, because the state court's eviction order, ECF No. 14-1 at PAGEID # 251, is the source of the injury Plaintiff seeks to remedpy with a TRO, the *Rooker-Feldman* doctrine bars such relief. *See Diamond v. Genesee Cnty. Land Bank*, No. 21-1461, 2022 WL 1462547, at *2 (6th Cir. Jan. 7, 2022) ("[The plaintiff's] complaints about the eviction fall squarely in the scope of the *Rooker-Feldman* doctrine.").

*Chapman v. Davis*, 2:24-cv-2051, 2024 WL 3157779, at *1 (S.D. Ohio June 24, 2024).

Moreover, the motion for a TRO is unrelated to the claims asserted in the Complaint and, therefore, should not have been filed in this case absent a proper amendment to the Complaint. *Id.* Plaintiff's Complaint (Doc. 6) asserts claims for violations of the Federal Labor Standards Act, the Americans with Disabilities Act, and retaliation, with no mention of eviction. (*Id.*, PageID 250-51.) Thus, if Plaintiff is to contest the eviction, he must do so in a separate case in state court.

Accordingly, this Court must abstain from hearing Plaintiff's eviction-related complaints, and Plaintiff must pursue the matter in state court. Plaintiff's Notice of Impending Irreparable Harm (Doc. 8), Plaintiff's Emergency Motion for Reconsideration of the Order

Denying Temporary Restraining Order (Doc. 9), and Amended Plaintiff's Emergency Motion for Reconsideration of the Order Denying Temporary Restraining Order. (Doc. 10) are **DENIED**.

      **DONE** and **ORDERED** this Monday, March 16, 2026.

                        **s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE