**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| TYLER J. JONES,<br><br>Plaintiff,<br><br>vs.<br><br>TJK-ELS, INC.<br>(D.B.A DOMINO'S PIZZA), *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 3:26-cv-00066<br><br>District Judge Thomas M. Rose<br>Magistrate Judge Caroline H. Gentry |

**REPORT AND RECOMMENDATION**
**AND ORDER SCREENING THE OPERATIVE COMPLAINT**

This matter is before the undersigned Magistrate Judge to screen (or conduct a preliminary review of) Plaintiff's *pro se* First Amended Complaint, which is now the operative complaint in this case. (Doc. No. 15.) The Court must screen the First Amended Complaint because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. (*See* Doc. No. 5.) The Court considers whether the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff is representing himself in this case, the Court liberally construes his filings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiff's First Amended Complaint (FAC) is not a model of clarity. (Doc. No. 15.) The FAC alleges that Plaintiff was, until January 31, 2026, employed as an Assistant Manager at a Domino's Pizza franchise. (*Id*. at PageID 411-412.) Among other things,

Plaintiff appears to allege that he was underpaid and discriminated against by Defendant TJK-ELS, Inc. (the Domino's Pizza franchisee) before his employment was terminated in retaliation for reporting a health code violation. (Doc. No. 15.) At this early stage of the case, and in the absence of answers or other briefing, the undersigned **ORDERS** that the following three claims may **PROCEED** to further development:

1. the wage claim(s) against TJK-ELS, Inc. and Chris Schlater (the owner).[1]
2. the disability discrimination claim against TJK-ELS, Inc. and Chris Schlater.[2]
3. the retaliation claim against TJK-ELS, Inc. and Taylor Dispennette (a supervisor).[3]

---

[1] The undersigned locates this claim in these allegations, among others:

> "Defendant Chris Schlater: Sued for manual execution of 'Ghost Deductions'…"
>
> "Defendant Chris Schlater executed an unauthorized $3,060.00 'Ghost Deduction' (Codes OD/P03) in late December 2025 to zero-out payroll liability and hide the gap."
>
> "Management deliberately delayed a promised $14.00/hr raise, paying an illegal sub-rate of $13.25/hr."
>
> "Defendants utilized the PULSE POS system to dilute hourly rates. Voucher #51968 proves manual overrides forcing management labor down to an illegal sub-rate of $6.0000/hr. To evade FLSA detection, Defendants fabricated $104.14 In 'Ghost Tips' on Voucher #51968."
>
> "Defendants issued an IRS Form 1099-NEC for management labor performed under Job Code 54. This constitutes willful misclassification to bypass FICA and FUTA tax obligations and conceal the $1,568.50 withholding gap."

[2] Plaintiff alleges, for example:

> "Peer manager Jason Russell was paid $18.00/hr for identical duties, demonstrating disparate treatment based on disability."

[3] Plaintiff alleges, for example:

> "1:39 PM (Jan 31): Protected whistleblower report of health code violations (ODH report #95493).
> …
> 5:40 PM: Retaliatory termination by Taylor Dispennette (243 minutes after initial report)."

This determination is not an opinion on the merits of these claims, and it does not prevent Defendants from filing motions directed to the First Amended Complaint. It is simply a preliminary assessment that these claims are not required to be dismissed pursuant to 28 U.S.C. § 1915(e).

The undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims. Specifically, it is recommended that the Court dismiss all claims against Defendants Domino's Pizza LLC (Corporate); Ryan Mullaly (General Counsel); and Kevin Connell (Counsel), because the First Amended Complaint wholly fails to state any claims against them. (Doc. No. 15.) With respect to Defendant Domino's Pizza LLC, the only allegation is the description of it as the "[c]orporate franchisor providing and controlling the PULSE POS system." (Doc. No. 15 at PageID 411.) Although some Defendant(s) allegedly "utilized the PULSE POS system to dilute hourly rates" (*id*. at PageID 411), the FAC does not allege that the corporate defendant participated in that activity or any other alleged wrongdoing. Accordingly, the undersigned recommends that all claims against Domino's Pizza LLC be dismissed, and it be terminated as a party and Defendant in this case.

The FAC likewise fails to state a claim against Defendants Ryan Mulally and Kevin Connell, attorneys who may have represented Defendant TJK-ELS, Inc. and/or Domino's Pizza LLC. (*See generally* Motion for Rule 11 Sanctions, Doc. No. 18.) The FAC states only that they are "[s]ued in individual and professional capacities for refusing to mitigate the $1,568.50 tax gap despite 21 days of notice of impending homelessness," and that they "acted with Actual Malice by refusing to act despite 21 days

of notice of the financial discrepancy and impending eviction." (Doc. No. 15 at PageID 411, 413). The Court understands these assertions to mean that these attorneys did not modify company records or pay Plaintiff when he informed them of the issues in the case and demanded action or payment. These allegations fail to state a claim upon which relief may be granted. It is therefore recommended that the Court dismiss all claims against Defendants Mulally and Connell and terminate them as parties and Defendants in this case.

Next, to the extent the FAC alleges that "Defendants executed a felony-level conversion of federal tax funds under 26 U.S.C. § 7202," this criminal statute does not authorize Plaintiff to bring a civil claim against Defendants. Section 7202 provides:

> Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.

26 U.S.C. § 7202. This criminal statute does not provide a private right of action. As one court explained when addressing a similar claim:

> Perrin claims that Defendants committed tax fraud. The IRS, and not private citizens, are in charge of enforcing the tax code. *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14 CIV. 2463, 2015 WL 631404, at *4 (S.D.N.Y. Feb. 13, 2015). *See also, Seabury v. City of New York*, No. 06-CV-1477 (NGG), 2006 WL 1367396, at *5 (E.D.N.Y. May 18, 2006) ("Section 7202 of the United States Tax Code provides for criminal penalties for failing to collect, account for, or pay over any taxes imposed by the Tax Code, but does not provide for a private right of action. 26 U.S.C. § 7202."). Perrin is a private citizen. She does not have the authority to enforce alleged violations of the tax code. Accordingly, this claim is also dismissed.

*Perrin v. Vuliai*, No. 15-cv-13482, 2016 WL 795900, at *2 (E.D. Mich. Feb. 29, 2016). The undersigned therefore recommends that Plaintiff's claim alleging a violation of this tax statute be dismissed.

Finally, the undersigned notes that Plaintiff asks for an "Adverse Inference Instruction" for "spoliation" of evidence. (Doc. No. 15 at PageID 412.) Plaintiff alleges that after his termination, and after "formal notice of legal action," he was locked out of the corporate portal. (Doc. No. 15 at PageID 412.) Although Plaintiff appears to assert that his digital W-4 and 1099-NEC were deleted from the portal, he does not plead any facts to support this claim. (*Id*.) His allegations in this respect do not rise above the level of speculation and fail to state a claim on which relief may be granted. *See League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (Well-pleaded factual allegations must "do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief.") The undersigned therefore recommends that the Court dismiss Plaintiff's spoliation claim.

In summary, the Court will allow Plaintiff to **PROCEED** with his wage, disability discrimination, and retaliation claims at this time. Defendants TJK-ELS, Inc., Chris Schlater, and Taylor Dispennette will remain in the case at this time, although they may raise defenses and file motions to dismiss the First Amended Complaint. Service of process will be addressed in a separate order.

The undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims, including all claims against Defendants Domino's Pizza LLC (Corporate); Ryan

Mullaly (General Counsel); and Kevin Connell (Counsel); the tax claim under 26 U.S.C. § 7202; and the spoliation claim.

Plaintiff may file objections to this recommendation as described in the section below. He is reminded that he must file a Notice of New Address if his mailing address changes while this case is pending.

**IT IS SO ORDERED AND RECOMMENDED**.

*s/Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

## DEADLINE TO FILE OBJECTIONS

In accordance with Rule 72(b)(2) of the Federal Rules of Civil Procedure, any party may file and serve specific written objections to this Report and Recommendation ("R&R") **within fourteen (14) days** after being served with a copy. A party may respond to another party's objections **within fourteen (14) days** after being served with a copy. If necessary, the objecting party must promptly arrange for transcribing the record, or whatever portions of it to which the parties agree or the Magistrate Judge considers sufficient. If proper objections are timely filed, then the District Judge will conduct a de novo review of the challenged portion(s) of the R&R. Failure to file timely objections may forfeit rights on appeal. *See U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).